## APPEAL OF FRANK McDONALD.

Docket No. 3194.    Submitted June 16, 1925.    Decided October 19, 1925.

> The taxpayer conducted both a wholesale and a retail business and billed goods to retail stores at wholesale cost plus 5 per cent representing cost of handling. *Held*, that inventories taken on the basis of cost in the retail stores should include the 5 per cent charge.

*F. O. Graves, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in income tax for the years 1919 and 1920 in the amounts, respectively, of $639.89 and $1,604.54, a total of $2,244.43. The appeal was called for hearing on June 16, 1925, at which time the taxpayer did not appear, nor was he represented by counsel. A telegraphic request for a continuance was received prior to such hearing. At the hearing the Commissioner moved to dismiss by reason of a failure of the taxpayer to appear and adduce proper evidence in support of the allegations of his petition. Both motions were denied and the appeal taken under submission upon the allegations of the petition admitted by the answer.

### FINDINGS OF FACT.

The taxpayer is an individual engaged in business at Chattanooga, Tenn., as a wholesale and retail grocer.

He owned and conducted a wholesale business and also some 20 or 25 retail stores. The stocks of goods for the retail stores were supplied through the wholesale department. It was his desire to have the records of both the wholesale department and of each retail store reflect accurately the actual earning of such department or store. While he, as proprietor of the business, bought all goods through his wholesale house, in order for the records of one of the retail stores to disclose its actual earnings it was necessary to know approximately the cost of its goods, not to the wholesale department only, but the cost as actually delivered at the retail store. In order therefore to cover the expense of handling the goods, the accounting, hauling, etc., through and from the wholesale department to each store, 5 per cent was added to the cost of all goods billed out to the retail stores. Thereafter, in taking inventories of the retail stores, such inventories were taken at cost to that store, which included the 5 per cent added to the wholesale cost. Furthermore, when goods were billed out to the retail stores " wholesale account " was credited with the amount of such billing—that is, cost plus 5 per cent—and

the added 5 per cent thus went into "loss and gain" account with the credit thereto of the gain from "wholesale."

Substantially all of the foregoing facts are admitted by the Commissioner in paragraph (3) of his answer which reads as follows:

(3) Admits that the taxpayer, in billing merchandise from his wholesale store to the retail stores, added 5% to the cost as representing the approximate cost of handling the goods between the wholesale store and each retail store; that separate accounts were kept for each store; and that in taking inventory in each retail store the goods were set down at the cost to that store, i. e., the wholesale invoice price plus 5%.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

JAMES: The taxpayer claims that his inventories in his retail stores were inflated by reason of the fact that they contained a charge from the wholesale stores of 5 per cent of cost representing a charge added to cover the cost of handling shipment, etc., between the wholesale and retail departments. Assuming, as we must, that this charge represented with reasonable accuracy the actual cost of handling the merchandise, it is apparent that the wholesale department included in its sale to the branches merchandise billed at original cost, plus an estimate for cost of handling, and that it deducted in its accounting the actual cost of handling. The merchandise when so billed to the branch stores was therefore billed at cost and not at cost plus a profit, as the taxpayer alleges. Inventories in the retail stores taken on the basis of the billing of merchandise to them were, therefore, correctly taken and the taxpayer is in error in his claim that such inventories were taken at an inflated price. Such being the case, the determination of the Commissioner must be approved.